UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PAULA LISBOA and CARLOS
GONZALEZ CALDERON, Individually and
On Behalf of All Others Similarly Situated,

                                                          14-CV-8115 (VSB)(JCF)

                                                          ANSWER TO
                          Plaintiffs,             SECOND AMENDED
                                                              COMPLAINT
     -against-

JOCELY PADILHA, JONICE PADILHA,
MAGDALY SANTOS, and J SISTERS 57, INC.,

                          Defendants.

------------------------------------------------------------------------x

      Defendants Jocely Padilha, Jonice Padilha, Magdaly Santos, and J Sisters 57, Inc.
(hereinafter collectively referred to as "Defendants") by their counsel, Frank & Associates, P.C.,
as and for their Answer to Plaintiffs' Second Amended Complaint (hereinafter "the Second
Amended Complaint"), set forth the following:

## THE NATURE OF THE ACTION

      1.     Defendants neither admit nor deny the allegations set forth in Paragraph 1 of the
Second Amended Complaint, as they are not allegations of fact.

      2.     Defendants deny the allegations set forth in Paragraph 2 of the Second Amended
Complaint.

## THE PARTIES

### Plaintiffs

      3.     Defendants lack knowledge or information, sufficient to form a belief as to the
truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint.

4.      Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Second Amended Complaint.

<u>Corporate Defendant</u>

5.      Defendants deny the allegations set forth in Paragraph 5 of the Second Amended Complaint, but admit that Defendant J. Sisters 57, Inc. is a New York corporation located at 41 West 57th Street, New York, New York, 10019.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Second Amended Complaint.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Second Amended Complaint.

<u>Individual Defendants</u>

9.      Defendants admit the allegations contained in Paragraph 9 of the Second Amended Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of the Second Amended Complaint.

11.     Defendants deny the allegations contained in Paragraph 11 of the Second Amended Complaint.

12.     Defendants deny the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Second Amended Complaint.

## JURISDICTION AND VENUE

15.     Defendants neither admit nor deny the allegations set forth in Paragraph 15 of the Second Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

16.     Defendants neither admit nor deny the allegations set forth in Paragraph 16 of the Second Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

17.     Defendants neither admit nor deny the allegations set forth in Paragraph 17 of the Second Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

## FACTS

### Plaintiff Lisboa

18.     Defendants deny the allegations set forth in Paragraph 18 of the Second Amended Complaint.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Second Amended Complaint.

22.     Defendants admit the allegations contained in Paragraph 22 of the Second Amended Complaint.

23.     Defendants deny the allegations set forth in Paragraph 23 of the Second Amended Complaint.

3

24.     Defendants admit the allegations contained in Paragraph 24 of the Second Amended Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33.     Defendants deny the allegations set forth in Paragraph 33 of the Second Amended Complaint.

34.     Defendants admit the allegations set forth in Paragraph 34 of the Second Amended Complaint.

4

35.     Defendants deny the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Second Amended Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39.     Defendants admit the allegations set forth in Paragraph 39 of the Second Amended Complaint.

40.     Defendants deny the allegations set forth in Paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations set forth in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Second Amended Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Second Amended Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Second Amended Complaint.

45.     Defendants deny the allegations set forth in Paragraph 45 of the Second Amended Complaint.

5

46.    Defendants deny the allegations set forth in Paragraph 46 of the Second Amended Complaint.

47.    Defendants deny the allegations set forth in Paragraph 47 of the Second Amended Complaint.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Second Amended Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Second Amended Complaint.

<u>Plaintiff Calderon</u>

51.    Defendants deny the allegations set forth in Paragraph 51 of the Second Amended Complaint.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54.    Defendants deny the allegations set forth in Paragraph 54 of the Second Amended Complaint.

55.    Defendants deny the allegations set forth in Paragraph 55 of the Second Amended Complaint.

56.    Defendants deny the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.     Defendants deny the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.     Defendants deny the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Second Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

63.     Defendants deny the allegations set forth in Paragraph 63 of the Second Amended Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65.     Defendants deny the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66.     Defendants lack knowledge or information, sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Second Amended Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Second Amended Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST CLAIM FOR RELIEF

72.     Defendants, in response to Paragraph 72 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Second Amended Complaint.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND CLAIM FOR RELIEF

76.     Defendants, in response to Paragraph 76 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.     Defendants deny the allegations set forth in Paragraph 78 of the Second Amended Complaint.

79.     Defendants neither admit nor deny the allegations set forth in Paragraph 79 of the Second Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

80.     Defendants deny the allegations set forth in Paragraph 80 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD CLAIM FOR RELIEF

81.     Defendants, in response to Paragraph 81 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Second Amended Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' FOURTH CLAIM FOR RELIEF

86.     Defendants, in response to Paragraph 86 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Second Amended Complaint.

88.     Defendants neither admit nor deny the allegations set forth in Paragraph 88 of the Second Amended Complaint, as they are not allegations of fact, but rather legal conclusions.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF

90.     Defendants, in response to Paragraph 90 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Second Amended Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' SIXTH CLAIM FOR RELIEF

94.     Defendants, in response to Paragraph 94 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Second Amended Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' SEVENTH CLAIM FOR RELIEF

97.     Defendants, in response to Paragraph 97 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Second Amended Complaint.

100.     Defendants deny the allegations set forth in Paragraph 100 of the Second Amended Complaint.

101.     Defendants deny the allegations set forth in Paragraph 101 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' EIGHTH CLAIM FOR RELIEF

102.     Defendants, in response to Paragraph 102 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

103.     Defendants deny the allegations set forth in Paragraph 103 of the Second Amended Complaint.

104.     Defendants deny the allegations set forth in Paragraph 104 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' NINTH CLAIM FOR RELIEF

105.    Defendants, in response to Paragraph 105 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Second Amended Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' TENTH CLAIM FOR RELIEF

108.    Defendants, in response to Paragraph 108 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

109.    Defendants deny the allegations set forth in Paragraph 109 of the Second Amended Complaint.

110.    Defendants deny the allegations set forth in Paragraph 110 of the Second Amended Complaint.

111.    Defendants deny the allegations set forth in Paragraph 111 of the Second Amended Complaint.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' ELEVENTH CLAIM FOR RELIEF

112.    Defendants, in response to Paragraph 112 of the Second Amended Complaint, repeat and reallege each and every answer to the foregoing paragraphs.

113.    Defendants deny the allegations set forth in Paragraph 113 of the Second Amended Complaint.

12

114.   Defendants deny the allegations set forth in Paragraph 114 of the Second Amended Complaint.

115.   Defendants deny the allegations set forth in Paragraph 115 of the Second Amended Complaint.

116.   Defendants deny that Plaintiffs are entitled to any relief sought in the Wherefore clause of the Second Amended Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Defendants reserve the right to add additional affirmative defenses as may be supported by the law or facts.  Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

117.   Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

118.   To the extent that the period of time alluded to in the Second Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), or any similar state labor law, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of the allegedly similarly-situated persons.

## THIRD AFFIRMATIVE DEFENSE

119.   To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour

13

Division of the Unites States Department of Labor or New York Department of Labor, Plaintiffs'
claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act,
29 U.S.C. § 259. This defense also may apply to the claims of some or all of the class of
allegedly similarly-situated persons.

## FOURTH AFFIRMATIVE DEFENSE

120. To the extent that any acts or omissions giving rise to this action were done in
good faith and with reasonable grounds for believing that the actions or omissions were not a
violation of the FLSA or New York law, Plaintiffs' claims are barred in whole or in part by the
provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260. This defense also may
apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTH AFFIRMATIVE DEFENSE

121. Plaintiffs' claims are barred in whole or in part to the extent that the work they
performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under
the FLSA or New York law, including but not limited to those provided for in 29 U.S.C. § 207
and 29 U.S.C. § 213. This defense also may apply to the claims of some or all of the class of
allegedly similarly-situated persons.

## SIXTH AFFIRMATIVE DEFENSE

122. Defendants, at all times, acted in good faith to comply with the FLSA and New
York law and with reasonable grounds to believe that their actions did not violate the FLSA or
New York law, and Defendants assert a lack of willfulness or intent to violate the FLSA or New
York law as a defense to any claim by Plaintiffs for liquidated damages. This defense also may
apply to the claims of some or all of the class of allegedly similarly-situated persons.

14

## SEVENTH AFFIRMATIVE DEFENSE

123.    Plaintiffs do not satisfy any of the requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, this action cannot be maintained as a class action.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTH AFFIRMATIVE DEFENSE

124.    There being no appropriate class representative, Plaintiffs' collective and class action allegations must be stricken, and their collective and class action claims dismissed.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## NINTH AFFIRMATIVE DEFENSE

125.    This case may not be maintained as a collective action because Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and thus, they cannot satisfy the requirements under 29 U.S.C. § 216.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TENTH AFFIRMATIVE DEFENSE

126.    There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## ELEVENTH AFFIRMATIVE DEFENSE

127.    Plaintiffs and/or the putative class and collective action members are exempt from the overtime provisions of the FLSA and the New York Labor Law under one or more exemptions, or combinations of exemptions, including but not limited to, the retail/service

establishment commission exemption set forth in Section 7(i) of the FLSA.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWELFTH AFFIRMATIVE DEFENSE

128.    Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Second Amended Complaint, if any.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

129.    To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, and/or latches.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

130.    Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in the Second Amended Complaint, to the extent that such activities do not constitute compensable work under the FLSA, and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment, they are not compensable.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

131.    Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

132.   Plaintiffs' claims are barred in whole or in part by the doctrine of de minimis non curat lex. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

133.   Plaintiffs' New York Labor Law claims cannot, lie, in whole or in part, to the extent Defendants are not covered by any New York Department of Labor Wage Order or any other Wage Order.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

134.   Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## NINETEENTH AFFIRMATIVE DEFENSE

135.   This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' New York Labor Law claims.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTIETH AFFIRMATIVE DEFENSE

136.   Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

137.     Assuming arguendo, Defendants violated any provision of the FLSA or New York Labor law, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

138.     Assuming arguendo, Plaintiffs are entitled to recover additional compensation for themselves personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiffs and/or the purported class are appropriated limited thereby. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

139.     Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

140.     Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or receive any attorneys' fees. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

141.    Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' Second Amended Complaint fails to state facts sufficient to entitle Plaintiffs to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, the failure to allege facts showing that Plaintiffs have no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly enforceable.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

143.    To the extent that the period of time alluded to in the Second Amended Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

144.    To the extent Plaintiffs' New York Labor Law claims can and should be prosecuted in New York State court, and/or said claims are remanded to New York State court, Plaintiffs are barred under Article 9 of New York's Civil Practice Law and Rules from seeking

any penalties or liquidate damages.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

145.    To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTIETH AFFIRMATIVE DEFENSE

146.    The individual Defendants named in this action were not Plaintiffs' employer within the meaning of the FLSA or applicable state labor law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

147.    Plaintiffs were not entitled to any notice from Defendants pursuant to New York Labor Law § 195 because Plaintiffs commenced and concluded their employments with Defendants prior to the enactment of any such requirements, and even if Plaintiffs were not provided notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the New York Labor Law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

148.    Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants

20

reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

149.   Plaintiffs' Second Amended Complaint is deficient and must be dismissed to the extent Plaintiffs have failed to fulfill jurisdictional or statutory prerequisites to suit. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

150.   Plaintiffs' Second Amended Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged and/or abandoned. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

151.   Plaintiffs failed to properly serve Defendants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

152.   Plaintiffs failed to acquire personal jurisdiction over Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

153.   Plaintiffs are not entitled to any monetary award as they were paid all wages and monies they were legally owed by Defendants. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

154.   Plaintiffs' retaliation claims must be dismissed because they did not engage in protected activity within the meaning of the FLSA and the NYLL or any applicable rules and

regulations.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

155.    The Second Amended Complaint must be dismissed based upon documentary evidence.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## FORTIETH AFFIRMATIVE DEFENSE

156.    The Second Amended Complaint must be dismissed as at no time did Plaintiffs request permission to work overtime.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## FORTY-FIRST AFFIRMATIVE DEFENSE

157.    Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## FORTY-SECOND AFFIRMATION DEFENSE

158.    The Second Amended Complaint must be dismissed as Plaintiffs have named improper parties as Defendants.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## FORTY-THIRD AFFIRMATION DEFENSE

159.    Plaintiffs are barred from relief to the extent their claims were brought, dismissed, decided, settled, and/or resolved in a previously filed action.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

Defendants reserve the right to add additional affirmative defenses as may be supported by the laws or facts.

**WHEREFORE**, it is respectfully requested the Second Amended Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated: Farmingdale, New York
      April 1, 2015

*Respectfully submitted,*

**FRANK & ASSOCIATES, P.C.**

By:    _____
      Jon A. Stockman, Esq.
      500 Bi-County Blvd., Suite 112N
      Farmingdale, New York 11735
      (631) 756-0400 telephone
      (631) 756-0547 facsimile
      Jstockman@laborlaws.com

      *Attorneys for Defendants Jocely Padilha, Jonice Padilha, Magdaly Santos, and J Sisters 57, Inc.*

23